**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., et al.,

                    Plaintiffs,

v.                                                    CIVIL  ACTION  NO.  3:11-0149

UNITED STATES ARMY CORPS
OF ENGINEERS, et al.,

                    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion for a Temporary Restraining Order, for a

Preliminary Injunction, and to Schedule a Hearing (Doc. 2).  A telephonic hearing was held on the

motion on **March 8, 2011** at **1:45 P.M.**  Plaintiffs' motion for a temporary restraining order and to

schedule a hearing is **GRANTED**, and the motion for a preliminary injunction is **HELD in**

**abeyance** pending a hearing on the matter scheduled for **March 22, 2011** at **10 A.M.**

Under *Fed. R. Civ. P.* 65(b), a court may issue a temporary restraining order without notice

to the adverse party.  In this instance, the adverse parties did receive notice, and participated in the

hearing before this Court held on March 8, 2011.  While a hearing will be held to determine whether

a preliminary injunction should be granted in this matter, the Court looks to that standard for

guidance in assessing the grounds for granting a temporary restraining order in this action.  In *Real*

*Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342 (4th Cir. 2009), the Fourth Circuit

applied the recent Supreme Court standard for preliminary injunctions stated in *Winter v. Natural*

*Res. Def. Council, Inc.*, 555 U.S. 7 (2008). *Real Truth About Obama*, 575 F.3d at 345 (vacated on other grounds in *Citizens United v. Fed. Election Comm'n*, — U.S. —, 130 S.Ct. 876 (2010), standard reaffirmed in *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)). Under this standard, a plaintiff must show: "'[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.' And all four requirements must be satisfied." *Id.* at 346 (citations omitted) (quoting *Winter*, 129 S.Ct. at 374).

Based upon the arguments presented by the parties during the telephonic hearing, the Court **FINDS** as follows:

(1)     Plaintiffs have established irreparable harm. In cases involving valley fill, the harm to the environment, once done, cannot be reversed. Once streams are filled, they are destroyed. In this proposed project, over two miles of stream will be filled, which is a large area with the potential for immense damage to the environment if in violation of environmental laws.

(2)     While it is difficult to determine the likelihood of success at this stage in the proceedings, Plaintiffs have met their burden. Plaintiffs' assertions, that new science regarding harm caused by conductivity and selenium levels and alleged deficiencies in the U.S. Army Corps' permitting process support their motion for a temporary restraining order, provide sufficient evidence in this instance. The Court grants Plaintiffs' motion for a temporary restraining order for the purposes of maintaining the status quo pending the hearing on the preliminary injunction.

(3)   The Court recognizes that the issuance of a temporary restraining order may cause harm to the Highland Mining Company by delaying or interrupting its development of the site.  However, this possible harm is temporary; a hearing is set within two weeks on the merits of a preliminary injunction, which will alleviate most of the harm.  In contrast with the potential irreparable harm to the environment, the balancing of the equities tips in Plaintiffs' favor.

(4)   Congress in the Clean Water Act and the National Environmental Policy Act established the goal to balance environmental protection with economic gain. *See, e.g.*, 42 U.S.C. § 4321.  The public has a strong interest in ensuring this balance is maintained.  The best way for this Court to protect this balance is to ensure the actions of the administrative agency are properly reviewed.  Accordingly, a temporary restraining order is necessary to provide the time needed to allow further review of the Plaintiffs' challenge to the issuance of the permit in question.

For the foregoing reasons, the Court **FINDS** that the factors established by the Supreme Court in *Winter* support the granting of a temporary restraining order in this case.  Accordingly, this Court **ORDERS** that Highland Mining Company, as an interested party, is precluded from any further activity in the stream bed, including a prohibition against the removal of any substrate, until further order of the Court or the expiration of this temporary restraining order, except that Highland Mining Company may continue its ongoing construction of its sediment pond.  Highland is further **DIRECTED** to submit information regarding the intended project to the Court and the parties to this action within **three days** of this Order.  In particular, Highland Mining Company must provide a narrative description and a time line for  the next six months of the work the company intends to

perform under the permit.

In accordance with Rule 65(c) of the Federal Rule of Civil Procedure, the Court must fix a bond "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." *Fed. R. Civ. P.* 65(c); *see also Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411 (4th Cir. 1999) (discussing Rule 65(c)).  Upon considering the risk and gravity of potential harm to Highland Mining Company, the Court **ORDERS** Plaintiffs Ohio Valley Environmental Coalition, Inc. and West Virginia Highlands Conservancy, Inc. to post security in the amount of $500.

Highland Mining Company, as an interested party, and Defendants are **DIRECTED** to submit a response, if any, to Plaintiffs' motion for a preliminary injunction no later than **March 16, 2011**.  Plaintiffs are **DIRECTED** to submit any reply by **March 18, 2011**.  A hearing is set for **March 22, 2011** at **10 A.M.** on the motion for a preliminary injunction.  Accordingly, this temporary restraining order **EXPIRES** on **March 23, 2011**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:      March 9, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE