IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., et al.,

                Plaintiffs,

v.                              CIVIL  ACTION  NO.  3:11-0149

UNITED STATES ARMY CORPS
OF ENGINEERS, et al.,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant United States' Motion to Limit Judicial Review to the Administrative Record (Doc. 17).  For the following reasons, this motion is **DENIED**.

**I. BACKGROUND**

Plaintiffs are challenging the U.S. Army Corps of Engineers' ("the Corps") issuance of a § 404 permit to Highland Mining Company, allowing fill material in 13,743 linear feet of streams in conjunction with the construction of a valley fill for the Reylas Surface Mine.  *Compl.* ¶ 4, Doc. 1. Plaintiffs assert that the Corps failed to comply with the Clean Water Act ("CWA"), 33 U.S.C. § 1344, as the permit violates the CWA § 404(b)(1) Guidelines.  *Id.*  They also claim the Environmental Assessment violated requirements under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq. Id.*  Accordingly, Plaintiffs filed the current action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 500 *et seq. Id.* ¶ 5.  Plaintiffs immediately sought a Temporary Restraining Order, which this Court granted. *Mem. Op. & Order*, Mar. 9, 2011, Doc. 6.  The parties subsequently moved to have the preliminary injunction hearing continued and

converted into a final hearing on the merits, which this Court granted. *Order*, Mar. 21, 2011, Doc. 19. The sole issue currently before the Court for disposition is whether to limit judicial review to the Administrative Record, or to allow Plaintiffs to submit and present extra-record evidence.

## II. DISCUSSION

When reviewing an agency action under the APA, a court determines whether the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Generally, in its examination of the agency action, a court is limited to the administrative record before the agency at the time of its decision. *Camp v. Pitts*, 411 U.S. 138, 142 (1973). This limitation applies to challenges to the Corps' decision to issue § 404 permits. *See, e.g.*, *James City Cnty. v. EPA*, 12 F.3d 1330, 1338 n.4 (4th Cir. 1993). There are, however, exceptions to this limitation. Two exceptions are of particular relevance here. First, where injunctive relief is at issue, courts have found extra-record evidence to be admissible. *See, e.g.*, *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989) (citation omitted); *Am. Rivers v. U.S. Army Corps of Eng'rs*, 271 F. Supp. 2d 230, 247 (D.D.C. 2003) (citation omitted). Second, because "a NEPA suit is inherently a challenge to the adequacy of the administrative record, . . . 'courts generally have been willing to look outside the record when assessing the adequacy of an EIS or a determination that no EIS is necessary.'" *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 201 (4th Cir. 2009) (quoting *Webb v. Gorsuch*, 699 F.2d 157, 159 n.2 (4th Cir. 1983) (citing *Cnty. of Suffolk v. Sec'y of Interior*, 562 F.2d 1368, 1384 (2d Cir. 1977))).

The NEPA exception is of particular relevance where the extra-record evidence "(1) explains technical information or agency action not adequately explained in record; (2) shows an agency failed to consider relevant evidence; or (3) shows an agency, in bad, faith, failed to include

information it considered in the record." *Hodges v. Abraham*, 253 F. Supp. 2d 846, 855 (D.S.C. 2002) (citing *Webb*, 699 F.2d at 159 n.2 (citing *Cnty. of Suffolk*, 562 F.2d at 1384)).  Further, multiple courts have found extra-record evidence admissible outside the NEPA context "(1) if admission is necessary to determine 'whether the agency has considered all relevant factors and has explained its decision,' (2) if 'the agency has relied on documents not in the record,' (3) 'when supplementing the record is necessary to explain technical terms or complex subject matter,' or (4) 'when plaintiffs make a showing of agency bad faith.'" *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (quoting *Southwest Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)); *see also Franklin Sav. Ass'n v. Dir., Office of Thrift Supervision*, 934 F.2d 1127, 1137 (10th Cir. 1991) (a district court may admit extra-record evidence "where necessary to explain technical terms or complex subject matter involved in the action"); *Esch*, 876 F.2d at 991 (recognizing exceptions to the rule of record " . . . (2) when the agency failed to consider factors which are relevant to its final decision; . . . [and] (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly . . . ."); *Am. Canoe Ass'n, Inc. v. EPA*, 46 F. Supp. 2d 473, 477 (E.D. Va. 1999) (recognizing circumstances that may justify discovery to include "the need to supplement the record to explain or clarify technical terms of other difficult subject matter included in the record").

There is, however, a limitation to these exceptions.  Regardless of the extra-record evidence admitted, "[t]he court is not empowered to substitute its judgment for that of the agency." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971).  In particular, a court cannot "simply substitute the judgment of plaintiff's experts for that of the agency's experts." *Aracoma*, 556 F.3d at 201.  With these constraints in mind, the Court turns to the parties' arguments.

Defendant vigorously argues against the application of these two exceptions to this action. First, the United States conceded the element of irreparable harm and, therefore, extra-record evidence to establish irreparable harm is not required.[1]  Plaintiffs counter, stating that the permanent filling of the streams is not the only irreparable harm at issue as Plaintiffs also seek to establish irreparable harm to downstream waters.  Plaintiffs also contend that Defendant's concession is an attempt to block evidence about the permit as the Corps will argue that the mitigation offsets the harm from the proposed valley fill.  Defendant disagrees with this characterization, citing Plaintiffs' statement that they intend to use the extra-record evidence to show that the mitigation is insufficient to offset the impacts of the proposed valley fill.  This, Defendant argues, is proof that Plaintiffs seek the admittance of extra-record evidence for purposes other than establishing irreparable harm. Instead, Defendant asserts, the evidence goes to the merits of Plaintiffs' challenge to the § 404 Permit at issue.  The Court concurs with Defendant.  The Corps' finding that the mitigation sufficiently offsets the fill is one of the agency actions this Court must examine pursuant to the arbitrary and capricious standard.  Accordingly, this issue does not fall within the irreparable harm exception.

Second, Defendant argues the NEPA exception also does not apply.  In particular, Defendant cites the principle that "issues not raised in comments before the agency are waived" for the purposes of judicial review.  *Nat'l Wildlife Fed'n v. EPA*, 286 F.3d 554, 562 (D.C. Cir. 2002) (citing *Nat'l Elec. Mfrs. Ass'n v. EPA*, 99 F.3d 1170, 1171 n.1 (D.C. Cir. 1997); *Wash. Ass'n for Television & Children v. FCC*, 712 F.2d 677, 681 (D.C. Cir. 1983)).  Because of Plaintiffs' long familiarity

---

[1] Defendant also waived any challenge to Plaintiffs' standing to bring this action. Accordingly, no extra-record evidence will be allowed on this issue.

-4-

with these issues and the sufficiency of the public notice provided, Defendant argues that any extra-record information should be excluded on the basis of this principle.  Further, as the public notice provided in March 2008 included information regarding the compensatory mitigation plan, Defendant asserts that Plaintiffs already had their opportunity to provide evidence on any alleged insufficiency of the mitigation plan for the Corps to consider during the permitting process.

This argument is circular.  Plaintiffs are challenging Defendant's decision to grant the § 404 permit under NEPA.  In particular, Plaintiffs are alleging a number of substantive violations regarding the Corps' failure to take a "hard look" at a series of environmental impacts of the permit.  *See Count One*, *Compl.*, Doc. 1.  Plaintiffs are also alleging the Corps failed to satisfy the public notice and comment requirements regarding significant changes made to the permit that occurred subsequent to the close of the public comment period.  *See id.* at *Count Two*.  As noted by the Second Circuit, "in NEPA cases . . . a primary function of the court is to insure that the information available to the decision-maker includes an adequate discussion of environmental effects and alternatives, which can sometimes be determined only by looking outside the administrative record to see what the agency may have ignored."  *Cnty. of Suffolk*, 562 F.2d at 1384.  Accordingly, cases such as the one at bar "raise issues sufficiently important to permit the introduction of new evidence in the district court . . . ."  *Id.* at 1385.  As this Court has previously stated, it finds this authority to be persuasive, *Ohio Valley Envtl. Coalition v. U.S. Army Corps of Eng'rs*, No. 3:05-cv-0784, Doc. 79 at 4–5 (S.D. W. Va. Mar. 31, 2006), and the Fourth Circuit has also cited this case with approval, *Webb*, 699 F.2d at 159 n.2.  The Court finds this exception applicable to the instant case.  To prohibit the submission of extra-record evidence regarding Plaintiffs' claims under NEPA would interfere with the Court's ability to properly entertain these challenges.

Further, for the Court to parse through the record at this stage of the proceedings and ascertain whether the changes made to the permit application subsequent to the public notice and comment were significant enough to violate those requirements requires a ruling on the merits. It is not possible this early on to determine the extent of the information that will be considered by this Court. Plaintiffs will have to demonstrate how the evidence they proffer falls within the exceptions noted in this Opinion. *See, e.g.*, *Am. Canoe Ass'n*, 46 F. Supp. 2d at 477. At this point, the Court's decision is limited to the conclusion that the NEPA exception and the exception to allow evidence to explain technical terms or complex subject matter may apply in this case; whether the evidence Plaintiffs will offer falls within those exceptions must be determined when it is presented.

Lastly, the Court notes Defendant's argument that Plaintiffs' proper recourse is to supplement the record, rather than seek the admittance of extra-record evidence. The Court disagrees. Plaintiffs are requesting the Court's review include evidence outside of the administrative record in order to establish the Corps did not fulfill its requirements under various environmental laws and the APA. *See, e.g.*, *Pac. Shores Subdivision Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 6 (D.D.C 2006 (Facciola, Mag. J.). At this stage in the proceedings, Plaintiffs are not trying to get the Corps to consider additional information on the record; if the Court finds the Corps acted in an arbitrary and capricious manner, however, that may be part of the relief the Court will order.

## III. CONCLUSION

In light of the foregoing, the Court **DENIES** Defendant's motion, but limits the admittance of extra-record evidence to that which is necessary to support or challenge Plaintiffs' claims that the Corps' decision to grant the § 404 permit violated NEPA and that which "explains technical

information or agency action not adequately explained in record, *Hodges*, 253 F. Supp. 2d at 855. Extra-record evidence can only be submitted on (1) those issues preserved on the Administrative Record, *Nat'l Wildlife Fed'n*, 286 F.3d at 562; (2) those issues related to Plaintiffs' claims regarding the alleged significant changes subsequent to the close of the public comment period; and (3) the resulting violations of the public notice and comment requirements. Plaintiffs must establish that the evidence they seek to submit falls within one of these exceptions.   The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:       April 19, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE