IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., et al.,

          Plaintiffs,

v.                                CIVIL ACTION NO. 3:11-0149

UNITED STATES ARMY CORPS
OF ENGINEERS, et al.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Currently pending are Plaintiffs' Motion for Leave to File a Supplemental Complaint (ECF No. 46) and Plaintiffs' Motion for a Protective Order (ECF No. 77). For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion for Leave to File a Supplemental Complaint and **DENIES as moot** Plaintiffs' Motion for a Protective Order.

**I. Background**

This case involves the Clean Water Act §404 permit for the Highland's Reylas Surface Mine located in Logan County, West Virginia. The public notice and comment period for this permit ran from March 25, 2008 to April 24, 2008. Combined Decision Document ("CDD") §12.1. The permit was issued by Army Corps of Engineers ("the Corps") on March 4, 2011. CDD §16. On March 8, 2011, Plaintiffs filed their original complaint. *Compl.*, ECF No. 1. On April 13, 2011, Plaintiffs filed an amended complaint, ECF No. 34, and on April 20, 2011, the Court granted an unopposed motion to remand the permit to the Army Corps of Engineers for further consideration pursuant to 33 C.F.R. § 325.7. On September 20, 2011, the Corps

reinstated the permit, and on October 12, 2011, Plaintiffs filed the instant motion to seeking leave to file a supplemental complaint.

The proposed supplemental complaint would add a claim that the Corps violated the National Environmental Policy Act ("NEPA") by failing to supplement its Environmental Assessment ("EA") in light of recent studies authored by West Virginia University Professor Michael Hendryx ("Hendryx studies") which purport to identify a correlation between coal mining and adverse public health effects such as increased reported rates of cancer. The Corps does not object to the supplemental complaint; Intervenor Highland Mining opposes the proposed supplemental complaint and argues, inter alia, that Plaintiffs' proposed NEPA claim is futile.

## II. Futility of Proposed NEPA Claim

Fed. R. Civ. P. 15(d) provides that "[O]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading." Though leave to amend or supplement should generally be freely granted, a court may deny a motion to supplement or amend when the amendment would be futile. *Forman v. Davis*, 371 U.S. 178, 182 (1962). The Fourth Circuit has explained that "[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

NEPA regulations provide that a federal agency "[s]hall prepare supplements to either draft or final environmental impact statements if: . . . (ii) There are significant new circumstances or information relevant to the proposed action or its impacts." 40 C.F.R. § 1502.9. Highland argues, and the Court agrees, that Plaintiffs' proposed NEPA claim is futile because the proposed action, issuance of Highland's permit, is completed. The Supreme Court addressed

this issue in *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55 (2004) ("SUWA")*,* a case involving a challenge under the Administrative Procedures Act ("APA") to the actions of the Department of Interior, Bureau of Land Management, and others in management of off-road vehicle traffic on federal lands designated as wilderness study areas. Plaintiffs in *SUWA* argued that NEPA and its implementing regulations required the agencies to supplement the EIS originally prepared with respect to the land management plan covering wilderness areas. The Court in *SUWA*, per Justice Scalia, recognized that the NEPA regulations require supplementation where "there are significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts." *SUWA*, 542 U.S. at 72 (citing 40 C.F.R § 1502.9(c)(1)(ii)). Regardless, the Court held that no supplementation was necessary because approval of the land use plan was already completed and there was no major federal action remaining to occur. *Id*.

The major federal action which triggers NEPA compliance in this case is the issuance of a permit, not the mining activity. In this case the permit has issued and, as in *SUWA*, there is no remaining major federal action. *See Cold Mountain v. Garber*, 375 F.3d 884, 894 (9th Cir. 2004) ("Because the permit has been approved and issued, the [agency's] obligation under NEPA has been fulfilled."); *Greater Yellowstone Coal. v. Tidwell*, 572 F.3d 1115, 1123 (10th Cir. 2009) (No "ongoing major federal action" despite the fact that the Forest Service retained discretion to modify or amend permit.); *Ctr. for Biological Diversity v. Salazar*, 791 F. Supp.2d 687, 697 (D. Ariz. 2011) (Requiring permittee to update bond and secure clean air permit, as well as ongoing obligation to monitor compliance are all insufficient to trigger NEPA); *Karuk Tribe of Cal. v. United States Forest Serv.*, 379 F. Supp.2d 1071, 1099 (N.D. Cal. 2005) ("[T]he most important threshold question is whether the actions falls within NEPA in the first place. If

there is no 'major federal action,' that is the end of the inquiry; the agency need not prepare an EIS or EA.") (internal citation omitted); *Buckeye Forest Council v. United States Forest Serv.*, 378 F. Supp. d 835 (S.D. Ohio 2005) (dismissing claim that Forest Service violated NEPA by failing to prepare a supplemental EIS for an approved forest plan after an endangered Indiana bat was discovered on the forest).

Plaintiffs respond to the great weight of persuasive authority in two ways. First, they emphasize that *SUWA* involved only the "proposed action" and not "its impacts." 40 C.F.R. § 1502.9(c)(1)(ii). Because the impacts of the proposed action are not completed, Plaintiffs contend, the duty to supplement continues. Second, they point out that the Corps retains oversight authority and the power to revoke or modify Highland's permit at any time. Plaintiffs cite *Sierra Club v. Bosworth*, 465 F. Supp.2d 931 (N.D. Cal. 2006) which distinguished *Cold Mountain* and found that a timber sale contract approved and awarded to a third party constituted an ongoing federal action.

Neither of Plaintiffs' inconsistent positions can be correct. Under the first, the Corps' duty to supplement would continue so long as some environmental impact remains to be realized from the permit decision. This position simply cannot be correct in a world where the impacts of permitting decisions are potentially permanent. Additionally, "its impacts" immediately follows "proposed action." Once the proposed action is completed, an agency's duty to supplement terminates. As to their second argument, that the permit is effectively an "ongoing action" because the Corps retains discretion to modify it at any time, Plaintiffs' reliance on *Bosworth* is misplaced. In *Bosworth*, the Forest Service was required to give written approval prior to the commencement of logging under the sale contract. This site-specific project approval, the court concluded, was major federal action sufficient to require ongoing NEPA compliance. *Id*. at 939.

Though the Corps retains discretion to reevaluate its decision on the permit at any time, *see* 33 C.F.R. § 325.7, issuance of the permit is the major federal action requiring NEPA compliance.

Plaintiffs' proposed supplemental claim would be futile even if the Court were to adopt their reading of *Bosworth*. If NEPA applied after the issuance of a permit, the Court could only reverse the Corps' decision not to supplement if it were found to be arbitrary and capricious within the meaning of the APA. *Marsh v. Oregon Natural Resources Council*, 490 U.S. 360, 373–74 (1989), 5 U.S.C. § 706. Under this standard, "an agency need not supplement an EIS every time new information comes to light . . . . To require otherwise would render agency decisionmaking intractable, always awaiting updated information only to find the new information outdated by the time a decision is made." *Id*. at 373. Where, as here, the new claim is based on studies first published after the agency has met its initial NEPA obligations, the inquiry "must be framed in terms of information available during a specific time period, with recognition of the fact that an agency cannot have acted arbitrarily unless it has had a reasonable time to consider the alleged new information." *State of Wisconsin v. Weinberger*, 745 F.2d 412, 419 (7th Cir. 1984). Having been presented with the newly published Hendryx studies for the first time in this lawsuit, the Corps has not had a reasonable opportunity consider them, let alone to take action that could be found to be arbitrary and capricious.

Plaintiffs' proposed supplemental claim is plainly insufficient, its addition it to this case would be futile, and the Motion for Leave to File a Supplemental Complaint (ECF No. 46) is therefore **DENIED**.

### III. Motion for a Protective Order

During the pendency of the motion to file a supplemental complaint, Highland began discovery on Plaintiffs' proposed NEPA claim. Highland served subpoenas on third parties

involved in the preparation and publication of the Hendryx studies. Those subpoenas were ultimately withdrawn from this Court and re-filed in the Northern District of West Virginia, in a case assigned to Judge Frederick Stamp with discovery issues referred to Magistrate Judge James Seibert. *Ohio Valley Environmental Coalition v. United States Army Corps of Engineers*, No. 1:11-mc-00035, 2012 WL 112325, (N.D.W. Va. Jan. 12, 2012). In this Court, Plaintiffs sought a protective order limiting the scope of discovery, and this Court stayed the motion for a protective order pending resolution of Plaintiffs' motion to supplement their complaint. Having found Plaintiffs' proposed supplemental complaint to be futile, and because the protective order involved the discovery of material relevant to Plaintiffs' proposed supplemental complaint, the motion for a protective order is **DENIED as moot**.

## IV. Conclusion

Plaintiffs' Motion to File Supplemental Complaint (ECF No. 46) is **DENIED**. Plaintiffs' Motion for a Protective Order (ECF No. 77) is **DENIED as moot**. The Court **DIRECTS** the parties to inform Judges Stamp and Seibert of the status of this case and of this Opinion and Order. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record, any unrepresented parties, Judge Frederick Stamp of the Northern District of West Virginia, and Magistrate Judge James Seibert of the Northern District of West Virginia.

ENTER: January 23, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE